**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Jerry N.,[1]                                              Case No. 25-cv-3566 (SGE)

                    Plaintiff,

v.                                                        **ORDER**

Frank Bisignano,
Acting Commissioner of Social Security,

                    Defendant.

_____

This matter is before the Court and under its jurisdiction pursuant to 42 U.S.C. §405(g).  On appeal, Plaintiff Jerry N. seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act.  Both parties consented to the disposition of the present case by the undersigned Magistrate Judge under 28 U.S.C. §636(c).  Both Mr. N and the Commissioner have fully briefed their positions, and this matter is now ripe for review.  (Dkts. 15, 16.)  For the reasons below, the Court denies Mr. N's request for relief and grants the Commissioner's request for relief.

_____

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name, only his first name and last initial are provided.

## BACKGROUND

Mr. N applied for DIB under Title II and SSI under Title XVI on June 29, 2022, alleging a disability onset date of March 20, 2020. (Admin. R. at 275-90.) Mr. N's claims were initially denied on April 3, 2023, and upon reconsideration on July 28, 2023. (*Id.* at 145-56; 159-74.) Mr. N then requested that an ALJ review the denials. (*Id.* at 175-76.) On April 26, 2024, the ALJ held an administrative hearing at which Mr. N, accompanied by counsel, and an independent vocational expert ("VE") testified. (*Id.* at 33-55.) The ALJ issued a decision on July 26, 2024, denying Mr. N's request for disability benefits. (*Id.* at 11-22.)

In reaching her decision, the ALJ followed the five-step sequential analysis process laid out in 20 C.F.R. §§ 404.1520(a), 416.920(a).[2] At step one the ALJ determined that Mr. N had not engaged in substantial gainful activity since March 20, 2020, the alleged disability onset date. (Admin. R. at 14.) At step two, the ALJ found that Mr. N had the following severe impairments: chronic obstructive pulmonary disease ("COPD"), depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). (*Id.*)

---

[2] Step one of this process involves determining whether a claimant is engaged in substantial gainful activity. If not, the ALJ must next decide (in step two) whether the claimant's impairments are severe, and of a duration of at least 12 continuous months. At step three, the ALJ determines whether the claimant's impairments are severe enough to equal a listed impairment under appendix 1 to subpart P of part 404. If so, the claimant is considered disabled without further inquiry. If not, the ALJ must determine the claimant's RFC, and determine (at step four) whether the claimant can still do their past work given their limitations. Finally, if the ALJ concludes a claimant cannot perform their prior work, step five requires the ALJ to determine whether they can do other work considering their RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(i–v).

At step three, the ALJ determined that Mr. N did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment under appendix 1 to subpart P of part 404. (*Id.* at 15-17.) The ALJ then made the following residual functional capacity ("RFC") determination:

> [C]laimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift/carry 20 pounds occasionally and 10 pounds frequently; can sit for about six hours in an eight-hour workday; can stand/walk for six hours in an eight-hour workday; and can push/pull as much as he can lift/carry. The claimant must avoid hazards (such as unprotected heights, dangerous machinery, and open bodies of water) and is limited to occasional exposure to dust, odors, fumes, and atmospheric conditions. The claimant is limited to occasional interaction with the public and frequent (but not constant) interactions with coworkers.

(*Id.* at 17.) After determining Mr. N's RFC, the ALJ found at step four that Mr. N was unable to perform any of his past relevant work as actually or generally performed. (*Id.* at 20.)

At step five, the ALJ found that other jobs existed in significant numbers in the national economy that Mr. N, given his age, education, work experience, and RFC, could perform. (*Id.* at 20-21.) Relying on the testimony from the VE, the ALJ found that Mr. N could perform the job requirements of "labeler," of which there are 80,000 jobs available nationally; "assembler," of which there are 180,000 jobs nationally; and "hand packager," of which there are 150,000 jobs nationally. (*Id.* at 21.) Because the ALJ determined that Mr. N could perform jobs that exist in significant numbers in the national economy, she concluded that he was not disabled. (*Id.* at 21-22.)

Mr. N sought review of the ALJ's decision by the Appeals Council, which was denied on July 7, 2025.  (*Id.* at 1-7.)  Mr. N then filed this action challenging the ALJ's decision.  (Dkt. 1.)

## STANDARD OF REVIEW

Following a final decision from the Commissioner, the claimant may elect to seek judicial review of the determination.  42 U.S.C. § 405(g).  Under this review, the District Court is limited to a determination of "whether the ALJ's decision complies with the relevant legal standards and is supported by substantial evidence in the record as a whole." *Lucas v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)); 42 U.S.C. § 405(g).   "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012)).  The ALJ must build a logical bridge between the RFC and the evidence.  Social Security Ruling ("SSR") 96-8p.

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quoting *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th 2001)). Essentially, the ALJ's decision should not be disturbed just because the Court might have reached a different conclusion. *Kraus*, 988 F.3d at 1024.  The decision of the ALJ to deny benefits will not be reversed by the Court "so long as the ALJ's decision falls within the 'available

4

zone of choice.'" *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)).

**ANALYSIS**

Mr. N contends that the case should be remanded for further proceeding based on several cursory arguments. He first argues that the ALJ erred in not having a doctor testify about his mental health diagnosis. He next argues that the ALJ failed to comprehend the severity of his medical impairments. (Dkt. 15 at 2-8.) He also asserts that the ALJ's RFC finding is not supported by substantial evidence (*id.* at 2, 8-9), and, relatedly, that the ALJ should have developed the record by having a medical expert testify to his mental health diagnoses (*id.* at 12-13). He lastly argues that the ALJ erred by failing to pose "appropriate" hypothetical questions to the VE. (*Id.* at 2, 9-11, 13-14.) The Commissioner argues that the ALJ's decision should be affirmed because she properly evaluated the evidence in determining his medical impairments and the RFC, and the ALJ's decision is supported by substantial evidence. (*See* Dkt. 16.)

## I.    Full and Fair Record

Mr. N argues that the ALJ did not base her decision on a full and fair record because she failed to call a medical expert to testify about Mr. N's mental health diagnoses and, in particular, how a "loud noise environment impacts a person with PTSD." (Dkt. 15, at 12.) The Court is mindful that ALJ's have an obligation "to develop the record fairly and fully, independent of the claimant's burden to press his case." *Combs v. Berryhill*, 878 F.3d 642, at 646 (8th Cir. 2017). But the court is aware of no authority requiring an ALJ to secure a witness when the claimant could have called his treating physicians to testify. Mr N and

5

his counsel could have done so but did not.  In any event, testimony about the impact of loud noises on people with PTSD, which is at least somewhat self-evident, is not something that was necessary to ensure a full and fair hearing given the extensive record in this case. This aspect of his claim fails.

## II.     Severity of Mr. N's Medical Impairments

Mr. N argues that the ALJ minimized or failed to comprehend his severe impairments.  (Dkt. 15, at 3-4.)  In doing so, Mr. N simply summarizes his diagnoses, subjective complaints, and recites the evidence relied on by the ALJ in reaching her decision.  (Dkt. 15 at 2-8.)  In fact, the record shows that the ALJ did not minimize Mr. N's diagnoses but, rather, specifically found them to be severe at step two of the analysis. (Admin. R. at 14.)  Moreover, the ALJ weighed both Mr. N's testimony about his physical and mental diagnoses and symptoms and the underlying medical records, as was her obligation.  (*Id.* at 17-20.)  In fact, the ALJ carefully crafted the RFC to accommodate Mr. N's diagnoses and balanced them with his abilities and strengths.  (*See id.*)

Mr. N also seems to argue that the ALJ improperly drew inferences and substituted her opinions for those of the medical reports or opinions, but he fails to specify any facts that could support such a finding.  (*See* Dkt. 15 at 7-8.)  On independent review of the record, the Court finds that the ALJ relied heavily on the medical records in making her decision and did not supplant her opinion over Mr. N's medical providers.  (Admin. R. at 17-20.)  This aspect of his claim therefore also fails.

**III.    RFC**

Mr. N next argues that the ALJ's RFC determination is not supported by substantial evidence. He contends that the ALJ improperly credited his ability to do daily tasks, *i.e.*, cook, drive, shop, and take care of pets, over his severe diagnoses and limitations as reflected in the medical records. The Court disagrees.

Mr. N argues only that the ALJ's failed to consider how difficult it is for him to undertake the daily tasks of cooking, driving, shopping, and taking care of pets. (Dkt. 15, at 8-9.) But the ALJ *did* consider his subjective complaints and simply noted that Mr. N is able to perform certain daily tasks in assessing what he can reasonably be expected to do in the employment context. (*See* Admin. R. at 17, 19). The ALJ did not base her decision solely on those facts, nor did she elevate those facts over his medical diagnoses and subjective complaints. (*Id.* at 17-20.) As such, the Court finds that the RFC is supported by substantial evidence.

**IV.    Hypothetical Questions**

Lastly, Mr. N argues that because the ALJ's RFC was not supported by substantial evidence, the ALJ's hypothetical questions to the VE was "improbable," and the VE's responses were unhelpful. (Dkt. 15, at 14.) The Court again disagrees.

An ALJ's "hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole." *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (quoting *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996)); *see also Totz v. Sullivan*, 961 F.2d 727, 730 (8th Cir. 1992) ("It is well settled that the hypothetical question posed to a vocational expert must fully set forth a claimant's impairments."). The

hypothetical must incorporate the "concrete consequences" of the impairment.  *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (quoting *Roe v. Chater*, 92 F.3d 672, 676–77 (8th Cir.1996)).  If a hypothetical question posed to a vocational expert incorporates an RFC determination that is supported by substantial evidence, it is proper.  *Id.*

As already noted, the RFC is based on substantial evidence.  The question is whether the ALJ's hypothetical questions included the RFC's determination.  A review of the hearing transcript established that the ALJ's questions to the VE were grounded in the RFC.  (Admin. R. at 50-54.)  This challenge to the ALJ's decision also fails.

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Mr. N's request for relief (Dkt. 15) is **DENIED**;

2.      The Commissioner's request for relief (Dkt. 16) is **GRANTED**; and

3.      This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 1, 2026                    *s/ Shannon G. Elkins*
                                         SHANNON  G. ELKINS
                                         United States Magistrate Judge